UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | C/A No.: 8:92-cv-01097-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Schlumberger Industries, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before this Court on a Motion by Schlumberger Technology Corporation ("Schlumberger"), the real party in interest in this matter, seeking a court order granting access to a tract of land in Pickens County, South Carolina, for the purposes of "sampling, monitoring and maintaining the groundwater monitoring wells."  ECF No. 10.  The time for response passed on November 21, 2013, and no response has been filed.

Schlumberger Industries, Inc., which has changed its name twice since this case was initiated, is a wholly-owned subsidiary of Schlumberger.  *Id.*  Since at least 2004, Schlumberger has been performing the obligations of Schlumberger Industries, Inc. as set forth in the Consent Decree For The Sangamo Weston/Twelve Mile Creek/Lake Hartwell PCB Contamination Superfund Site; Operable Unit 1; Pickens County, South Carolina, Civil Action No. 8:92-1097-GRA ("Consent Decree"), and is therefore the real party in interest.  *Id.*; ECF No. 9.  Schlumberger is required to conduct annual groundwater monitoring under the terms of the Record of Decision ("ROD") signed on December 19, 1990.  ECF No. 10.

Page 1 of 4

Part of the obligations under the Consent Decree involved the installation of groundwater monitoring wells during January 1994 on a 45.23 acre tract of land in Pickens County.  *Id.*; *see* ECF No. 10-1 (describing the tract of land involved).  These wells are designated SPMW-5, SPMW-6, and SPMW-9.  ECF No. 10. Schlumberger's environmental consultant TRC Solutions, Inc. sampled the groundwater in SPMW-6 and SPMW-9 and performed a water level measurement in SPMW-5 on an annual basis beginning in January 1994.  *Id.*  There was no written access agreement between Schlumberger and the former owner of the property.  *Id.* This property is currently owned by Jackie Simpson Anderson.  *Id.*

Ms. Anderson has a mailing address in Snowmass, Colorado, and is represented by Kenneth E. Darr, Jr. of the law firm of Lyles, Darr, & Clark, LLP in Spartanburg, South Carolina.  *Id.*  In 2010, Schlumberger decided to formalize the process by obtaining a written access agreement for installing, sampling, monitoring, and maintaining the three wells.  *Id.*  Schlumberger's counsel mailed letters to Ms. Anderson in March, April, and May 2010.  ECF No. 10-2.  Ms. Anderson contacted Schlumberger's counsel and informed them that she "had no problem with access" as long as her counsel, Mr. Darr, approved the terms of the draft Easement and Access Agreement mailed to her on April 20, 2010.  ECF No. 10.  Schlumberger's counsel called Mr. Darr, leaving messages with his assistant and on his voicemail, and emailed Mr. Darr between May 2010 and June 2010.  *Id.*; ECF No. 10-3.  Mr. Darr emailed Schlumberger's counsel asking whether the matter was still active on July 28, 2010.  ECF No. 10-4.  Schlumberger's counsel again attempted to call Mr. Darr but was unable to speak with Mr. Darr.  ECF No. 10.

Schlumberger's counsel was able to contact Mr. Darr through Craig Zeller, an employee of the United States Environmental Protection Agency ("EPA"), Region 4 in Atlanta on October 5, 2010. *Id.* Mr. Darr stated that he would call Schlumberger's counsel, but Schlumberger's counsel was not contacted. *Id.* On October 26, 2010, Mr. Zeller emailed Mr. Darr and reminded Mr. Darr to contact Schlumberger's counsel. ECF No. 10-5. In 2011, Schlumberger's counsel was able to contact Mr. Darr and presented a draft Easement and Access Agreement. ECF No. 10. Mr. Darr commented on this draft and Schlumberger's counsel provided a red-lined draft on December 16, 2011. *Id.* Mr. Darr stated on December 21, 2011 that he was waiting to hear back from his client. ECF No. 10-6. Schlumberger's counsel was unsuccessful in contacting Mr. Darr again during late December 2011 and January 2012. ECF No. 10.

Schlumberger was recently informed by Mr. Zeller that the EPA wants Schlumberger to obtain access to Ms. Anderson's property during March 2014 and sample the groundwater wells. *Id.* Schlumberger's counsel began attempting to contact Mr. Darr on October 4, 2013 by calling Mr. Darr and leaving messages on Mr. Darr's voicemail and with his receptionist. *Id.* Additionally, Schlumberger's counsel emailed Mr. Darr a red-lined copy of the draft Easement and Access Agreement. ECF No. 10-7. Schlumberger's counsel has not been contacted by Mr. Darr. ECF No. 10. Schlumberger brought this current action because efforts to speak with Ms. Anderson's counsel have been unsuccessful. *Id.* Mr. Darr was served with a copy of the Motion for Access, as certified by Schlumberger's counsel. *Id.*

Schlumberger's obligations under the Consent Decree and the ROD require annual groundwater monitoring of the three wells, SPMW-5, SPMW-6, and SPMW-9, located on the property owned by Ms. Anderson. *Id.* Schlumberger's counsel has not been able to obtain Ms. Anderson's permission, despite good faith efforts in accordance with Local Civil Rule 7.02 DSC to contact and work with Ms. Anderson's counsel. *Id.* Therefore, Schlumberger shall be granted access to the 45.23 acre tract of land owned by Ms. Anderson in order to sample, monitor, and maintain these three wells as directed by the EPA.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Access is GRANTED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

December  9 , 2013
Anderson, South Carolina